a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUDE MUGULUMA,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-713-P |
| VERSUS | JUDGE DRELL |
| CHRIS FREDERICKS, *ET AL.*,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Jude Muguluma ("Muguluma"). Muguluma is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Detention Center in Jena, Louisiana.

Because this Court lacks jurisdiction over Muguluma's claim, the Petition (ECF Nos. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Muguluma alleges that he was born in Uganda, but entered the United States in 1985 as a refugee. ECF No. 1 at 1. Muguluma alleges that he became a lawful permanent resident of the United States and has served in the Armed Forces. *See id.* In 2002, Muguluma pleaded guilty to bank robbery by force or violence in the United States District Court for the Eastern District of Arkansas. *United States v. Muguluma*, 4:01-CR-00092, E.D. Ar., ECF No. 229. He was sentenced to 63 months of imprisonment. *See id.*

After service of his sentence, Muguluma was temporarily detained by ICE. He was released from custody on May 12, 2008. ECF No. 1 at 2. Muguluma remained out of custody until October 15, 2019, when he was arrested by ICE. ECF No. 1 at 2.

Muguluma alleges that part of his plea agreement included a provision by the United States that it would waive deportation. ECF No. 1 at 1. Therefore, Muguluma challenges the Government's authority to order him removed.

## II. Law and Analysis

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).

Because Muguluma challenges his detention based on the legality of his removal order in light of the plea agreement, the REAL ID Act divests this Court of jurisdiction over his Petition. Therefore, dismissal of Muguluma's Petition without prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. Aug. 29, 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. Nov. 30, 2009).

Muguluma also complains that he has been detained since October 15, 2019. ECF No. 1. To the extent Muguluma challenges the length of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), his claim fails. Under *Zadvydas*, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). According to Muguluma's Petition, his flight to Uganda has been scheduled, and his removal is imminent. ECF No. 1 at 2.

### III. Conclusion

Because this Court lacks jurisdiction over Muguluma's claims, IT IS RECOMMENDED that the Petition (ECF Nos. 1) be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

      THUS DONE AND SIGNED in Alexandria, Louisiana, on this 22nd day of June 2020.

                                                    _____
                                                  JOSEPH H.L. PEREZ-MONTES
                                                  UNITED STATES MAGISTRATE JUDGE